## W. L. BRANDON *v.* LOUISA S. BRANDON.

1. CHANCERY — JURISDICTION — CASE IN POINT. — A court of equity has jurisdiction of a bill for relief, exhibited by one who had conveyed property to a trustee, upon certain conditions, and among others, for the payment to complainant of a certain sum annually, in reference to which annual payments default had been made.

2. SAME — SAME — SAME. — Where real and personal property were conveyed to D. as trustee, on certain specified conditions, and among others, that B. should pay to the grantor in the deed a certain sum annually, and after payment by B. for several years he ceased to pay and became insolvent, and no part of the subject of the conveyance, but the land remained: *Held*, that a court of equity had jurisdiction of a bill by the grantor in said deed to obtain relief.

APPEAL from chancery court of Wilkinson county. WALKER, Chancellor.

The opinion of the court states the facts.

*W. & J. R. Yerger*, for appellant.

This bill was filed by Louisa S. Brandon, alleging that in 1846 she made an agreement to sell to William L. Brandon a tract of land and slaves which she had in Wilkinson county for the sum of $400 in money and one hundred bushels of corn, to be paid to her annually during her widowhood, and that she was to convey said tract of land to Hampton H. Davis, as trustee, to secure the faithful performance by W. L. Brandon in her favor, and also for certain other trusts, set forth and specified among others, that he was to permit the said William L. Brandon to have possession and use and enjoy said property until default made by said William L. Brandon in the performance of his undertakings.

The bill alleges the execution of the conveyance to Davis as before stated, and that William L. Brandon went into possession of said property, and has continued in the undisturbed possession of the same until up to this time, that the payment of the hundred bushels of corn was, by agreement, commuted to an annual payment of $50, making $450 a year to be paid by the defendant; that this payment was made regularly till 1862, since which time no payment has been made except a small sum in 1866, and that defendant declines to make any other payment. The bill makes Brandon and Davis parties defendant, but makes none of the other *cestui que trusts* parties to the bill, and alleges in reference thereto, that the other conditions and trusts in the deed were subordinate to the provision and trusts, made for the benefit of complainant,' and that all of said other provisions have long since been satisfied and have ceased to be operative or of any effect. A demurrer was filed to this bill for want of equity, assigning as special ground that the complainant had an adequate remedy at law, and that the complainant did not aver performance on her part of the undertakings to be performed by her. The demurrer was overruled, and from that order the appeal is taken to this court.

In looking at the bill and deed of trust, accompanying and referred to, it would seem to be very clear that this court ought not to take jurisdiction of the case without the other *cestui que trusts*, provided for in the deed, were made parties to it, unless the allegation that the provisions in their behalf have all been satisfied and performed, and the deed inoperative as to them. If this allegation be true, and the trust is satisfied as to the other *cestui que trusts*, then it would seem to be very clear that complainant has a plain, adequate and unembarrassed remedy at law. By the agreement made in 1846, and set forth in the bill, Brandon became liable to pay to complainant an annual sum of $450, for which she clearly could maintain an action of debt or covenant, and, that being the case, there is no occasion to resort to a court of equity, on the part of complainant.

Our statute (art. 12, p. 308 of Rev. Code of 1857), specially
provides for sale, under execution at law, of any interest
which the *cestui que trust* had in the trust property,
whether the trusts were fully satisfied or not. There is
nothing, therefore, in this case which, on the allegations in
complainant's bill, makes it necessary to resort to a court
of chancery. The agreement made by Brandon to pay to
complainant a certain sum of money, as set forth in exhibit
B, creates a legal demand, in behalf of complainant,
against the defendant, and a judgment upon that demand
would enable the plaintiff, by execution, to sell every inter-
est which Brandon has in the trust property, according to
the allegations in the bill. Davis only held the legal title,
as a security for the performance, by Brandon, of the under-
taking contained in the bill. All of these undertakings, as
is shown by the bill itself, have been satisfied and per-
formed, except the payment of the amount which the com-
plainant alleges to be due to her. No one is, therefore,
interested in the trust property except complainant and
defendant, and there is no reason, therefore, for a resort, on
her part, to a court of equity. For this reason the demur-
rer should have been sustained and the bill dismissed.

*H. S. Van Eaton,* for appellee.

The only question before this court on appeal is, whether
the chancellor did right in overruling demurrer of defendant
below, plaintiff in error here. All the points made in the
demurrer, except it may be one, go to this, viz. : That com-
plainant in the court below had an adequate remedy at law.
The only exception revokes the point that "the bill shows
no such performance of the contract by complainant, as
entitles her to the relief prayed for." 1st, therefore, had
complainant in the court below an adequate remedy at
law ? And 2d. Has she shown such performance of the con-
tract on her part as entitles her to the relief prayed for ?
The bill shows, that L. S. Brandon conveyed in trust, cer-
tain property described, to secure the performance by W.

L. Brandon of certain acts, especially the annual payment by him to said Louisa S. of the sum of $450 (as it was finally settled). There were also other conditions, on which the said property was so conveyed in trust, but the amended bill to which the demurrer we are considering, is applied, sets forth that all these conditions are fulfilled. That nothing remains to be done, among the considerations on which the said trust was raised, but the said annual payment to Louisa S. Brandon, by W. L. Brandon, for whose benefit solely the trust was raised, or to whose benefit the conveyance was to inure, but the simple and continued payment during her widowhood to Louisa S. Brandon by the said Wm. L. Brandon, annually on the first day of January, of the said sum of $450. Can it be successfully controverted, that by the said conveyance from Louisa S. Brandon, to H. H. Davis, a trust was raised, or reserved by the grantor, to secure to her certain benefits, these benefits to inure to her during widowhood?

The bill charges in terms, this was the main object of the conveyance, and that complainant is still a widow.

It is charged by counsel on the other side that no power is, by the instrument under consideration, confided to the trustee to act, etc., but we respectfully submit that equity will not suffer a trust to go unexecuted for want of a trustee, nor yet for want of powers confided to a trustee. Was it therefore the intention of Louisa S. Brandon to create a trust? We do not think this question can be answered otherwise than affirmatively. If we are correct in this, where but to a court of chancery can she go to have the provisions of the trust in her favor enforced?

"No form of words are necessary to create a trust, but looking to the acts and intentions of the parties, if it appear that it was their intention to create one, it is the duty of the court to declare and enforce it." See Norman et al. v. Burnett, 25 Miss. 188.

But, say counsel for plaintiff in error, complainant below "had an adequate remedy at law." Passing by, for the

present, the position that the instrument on which the whole case hinges was a trust, and that its provisions can only be enforced in a court of chancery, let us examine the further allegations in the bill ; for instance, that all the property conveyed in trust by Louisa S. Brandon to H. H. Davis has either perished in the using, and for the benefit of W. L. Brandon, or has ceased to be property, as, for instance, the slaves. The bill further states that, of all the property so by complainant conveyed in trust, the land only remains, and that W. L. Brandon, the defendant below, is totally insolvent ; that complainant has no means of enforcing her claim, unless by and through the said lands so conveyed in trust to the said H. H. Davis, but which are, and ever have been since the execution of said trust, in the possession and occupancy of said W. L. Brandon. It appears to us, therefore, clear that she has no remedy whatever at law.

If she were to obtain judgment and attempt to enforce execution, the bill shows there is no property of W. L. Brandon out of which the execution could be satisfied, and it could not be levied on the land out of which satisfaction is sought by the bill to be obtained, for the legal title to that is not in W. L. Brandon. We respectfully submit, therefore, that Louisa S. Brandon is powerless in the premises, except through the interposition of a court of chancery. The bill clearly sets up the object she had in raising the trust, or making the conveyance to Davis, viz. : to secure a support and maintenance especially for her old age ; that all this fails because W. L. Brandon refuses to make the stipulated annual payments as set forth in the conveyance, and as expressly set forth in the articles of agreement made on exhibit to the bill, and in accordance with the terms of which the conveyance in trust to Davis was executed. It further appears from the bill that W. L. Brandon was, on the execution of the conveyance to Davis, to go into the immediate possession and enjoyment of all the property, real and personal, and continue in such possession until breach of the terms of the articles of agree-

ment and of the conditions of the conveyance to Davis; that breach of the same has been made by the said Brandon, in that he refuses to make the annual payments, for the sake of which chiefly the conveyance was made. Yet he continues in the use and occupation of the lands, and after he has used all the personal property, or it has ceased to be property. Can a clearer case be found in the books, or even imagined, calling for the interposition of a court of equity?

This brings us to the consideration of the only other point really made by the demurrer, viz., that the "bill shows no such performance of the contract by the complainant as entitles her to the relief prayed for." It strikes us, that this raises rather a question of fact than of law. Nevertheless, in reply, we can only call the respectful attention of the supreme court to the repeated allegations of the bill, viz.: that there was nothing for Louisa S. Brandon to do but to convey the property mentioned in the agreement (exhibit B), in trust, to H. H. Davis. That this she promptly did do, and that Wm. L. Brandon ever since remained in possession thereof, appropriating to himself all the income and profit therefrom. Surely a careful reading of the bill and exhibits must show there was nothing left undone, on the part of Louisa S. Brandon, nothing more she could have done.

For these reasons, and many others, with which we do not care to take up the time of the court, we insist the decree of the chancellor overruling the demurrer was correct, and ought to be sustained.

TARBELL, J. :

The appellee in 1869, filed in the chancery court of Wilkinson county, her bill of complaint against the appellant. A demurrer by the latter was sustained, and the complainant filed an amended bill, which states, in substance, that Louisa S. Brandon, complainant, is the widow of Matthew N. Brandon, deceased; that deceased died seized and pos-

·sessed of certain lands described, besides slaves, live stock, etc. ; that said property, real and personal, was sold at administrator's sale, complainant becoming the purchaser thereof; that the personal property was delivered to her, and a conveyance of the real estate was executed in due form ; that, subsequently, and on the 5th day of April, 1846, Louisa S. Brandon and W. L. Brandon, entered into articles of agreement, wherein, for the considerations therein stated, Louisa S. agreed to, and did for the said considerations named, convey the said property to H. H. Davis in trust, conditioned with other things, to secure to Louisa S. the performance of the stipulations in said agreement, which were, that W. L. Brandon would pay to L. S. Brandon during her widowhood, on the first day of January in each and every year $400, and would deliver to her at the same time one hundred bushels of corn, and that W. L. Brandon would secure to L. S. Brandon the peaceable enjoyment and occupation of the house and a portion of the said land ; that, in pursuance of said articles of agreement complainant conveyed said property to H. H. Davis in trust, on the conditions following, viz. : 1st. To secure the said L. S. Brandon in the prompt and faithful performance by the said W. L. Brandon of all his undertakings to her in the agreement named; 2d. Certain other trusts and conditions, which the bill charges have long since been performed and have ceased to be operative and of no effect; that, after the objects for which the said conveyance was made and the conditions therein contained had been fully accomplished, the trustee was to hold the property for the use of W. L. Brandon, his heirs, etc. ; that said W. L. Brandon was to have the control and management of said property, and all the proceeds, rents and profits, subject to the conditions of said agreement and deed of trust; that said W. L. Brandon undertook and obligated himself to perform the conditions of the said contract and deed, and in consideration thereof, complainant entered into said agreement, and executed said deed of trust; that complainant is still a widow and *feme*

*sole;* that from the date of the contract in 1846, up to January 1, 1862, the said W. L. Brandon paid to L. S. Brandon the money and corn by the contract and deed stipulated, but on the 1st day of January, 1862, failed to make said payment for 1861, and has ever since continued to make default, except $500 on account in March, 1866 ; that there was due January 1, 1869, from W. L. Brandon to L. S. Brandon on said agreement $3,100 principal ; that said arrangement with W. L. Brandon was to secure support to complainant in her old age; that she is growing old and infirm, and she has no property or means of living outside said property, of the benefit of which she is deprived by W. L. Brandon ; that upon the execution of said agreement and deed of trust, W. L. Brandon went immediately into the occupancy of the said property and has since had the control and use of the same ; that complainant has fully performed on her part the stipulations of said contract, and nothing remains on her part to be done ; that the said W. L. Brandon is insolvent ; that the personal property conveyed to him has been all wasted, destroyed or emancipated ; that there is no other property or fund except the said real estate to which complainant can resort, and out of which she can make the sum due her by virtue of said agreement and deed of trust ; that, unless complainant can have recourse to said lands, she will be utterly powerless to enforce her said claim and the object for which she made said conveyance will fail ; that W. L. Brandon is no longer entitled to the occupation and benefits of said lands by reason of his neglect and refusal to pay L. S. Brandon the annual sum agreed to be paid to her ; that, in consequence of the refusal of said W. L. Brandon to comply with the stipulations of said contract, complainant is reduced to great want and distress, and is actually forced to depend on charity ; wherefore, complainant prays that H. H. Davis, as well as W. L. Brandon be made a party, that an account be taken to ascertain the amount due complainant, that W. L. Brandon be decreed to pay L. S. Brandon the amount found due her, or that the

trustee be decreed to re-convey to her, etc., and for general relief.

To the amended bill the defendant W. L. Brandon demurred, stating as causes therefor, want of equity on the face of the bill, remedy at law, and because the bill does not show such performance of the contract by complainant as to entitle her to the relief prayed for.

This demurrer was overruled with leave to answer, and from this decree the defendant, W. L. Brandon, appealed, assigning for error here the action of the court in overruling the demurrer. The deed from the administrator of Matthew N. Brandon to L. S. Brandon; the articles of agreement between W. L. Brandon and L. S. Brandon, and the deed of trust from L. S. Brandon to H. H. Davis are made exhibits. The deed of trust recites that the conveyance is " on the following trust and condition, that is to say, the said Henry H. Davis to hold said property in trust: 1st. To secure the said Louisa S. Brandon in the prompt and faithful performance by the said W. L. Brandon of all his undertakings to the said Louisa S. Brandon, and for her benefit set forth and contained in articles of agreement, entered into between the said Louisa S. Brandon and W. L. Brandon bearing even date" with said deed; 2d. To secure the estate and heirs of Thomas S. Herbert, deceased, and others against certain liabilities; 3d. To secure certain sureties of W. L. Brandon against liability; 4th. To secure the children of W. L. Brandon certain sums that may be now due, or hereafter to become due on account of the use of their property by W. L. Brandon; 5th. After the accomplishment of these trusts the property to be held by the trustee for the use of W. L. Brandon and his heirs for ever. The said W. L. Brandon was to have possession and control of the property. Power to appoint another trustee is provided for in case of the failure or declination of Davis.

The objection that the bill is without equity on its face in view of the statements admitted by demurrer of an aged

and infirm mother, denied the means of support by her son, who, though in the possession of her property, permits her to be fed by her charitable neighbors, needs no argument or further illustration.

The allegations of the bill, that all the trusts mentioned in the deed, except the stipulations in favor of complainant, have been fully performed and are inoperative are ample and frequently repeated. So, too, full performance on the part of complainant is explicitly averred. There is, therefore, in fact, and as is apparently conceded in the written argument of counsel, but the single question in the case, whether there is to complainant ample remedy at law. On this point we are referred by counsel to art. 12, p. 308, Code of 1857, which provides for the sale by execution of the interest of *cestui que trusts* in trust property.

Comparing this provision of the Code with the averments of the bill, it will be seen that the complainant can have adequate remedy only in a court of chancery. W. L. Brandon is alleged to be insolvent and without other property than the real estate held in trust, as herein set forth, and to turn the complainant over to a court of law, and to his interest in the property claimed in the bill to be forfeited by his own conduct toward the grantor, would be like casting a stone when bread is demanded and due. A court of equity clearly has jurisdiction of the subject-matter of this suit, and we hold the demurrer not well taken for any of its causes.

The decree is affirmed, with leave to defendant to answer within forty days from this date.